IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AAMCO TRANSMISSIONS, INC. <br> 201 Gibraltar Road, Suite 150 <br> Horsham, PA  19044 <br>       Plaintiff, <br> v. <br> PARAMVIR SINGH a/k/a Perry Singh <br> 18012 Bothell-Everett Hwy, Suite #4 <br> Bothell, WA 98012 <br>       Defendant. | CIVIL ACTION <br><br> No. |

## COMPLAINT

1. Plaintiff, AAMCO Transmissions, Inc. ("Plaintiff" or "ATI"), is a Pennsylvania corporation, with its principal place of business located at 201 Gibraltar Road, Horsham, Pennsylvania  19044.

2. Defendant, Paramvir Singh ("Defendant" or "Singh"), is an adult individual who is a citizen of the State of Washington with a principal place of business at 18012 Bothell-Everett Hwy, Suite #4, Bothell, WA 98012.

3. This Court has diversity jurisdiction pursuant to 28 U.S.C.A. §1332 based upon the diverse citizenship of the parties and the amount in controversy which exceeds $75,000 exclusive of interest and costs.

4. Venue lies in this District pursuant to 28 U.S.C.A. §1391, in that ATI resides in this District, Defendant has transacted business with ATI continuously over the last several years in this District and the claims arise under a contract that was made in this District.

5. Since at least 1963, ATI has been engaged in the business of franchising or licensing others to use the mark and name "AAMCO" in the operation of transmission and general

automotive repair centers throughout the United States and Canada. ATI is the world's largest franchisor of transmission and general automotive repair centers.

6. On June 17, 1997, ATI and Singh entered into a franchise agreement, pursuant to which Defendant was authorized to use and did use the name and mark "AAMCO" in connection with the operation of an automotive repair center located at 13040 Bellevue – Redmond Road, Bellevue, WA 98005 (the "Center"). A true and correct copy of this franchise agreement (the "Franchise Agreement") is attached hereto, marked as Exhibit "A" and incorporated herein by reference.

7. As a franchisee, ATI disclosed to Defendant its proprietary systems, information and trade secrets for operating a successful automotive repair business which ATI had developed over its 50 year history.

8. Before operating the Center, Defendant attended ATI's intensive owner training class and was provided ATI's proprietary manuals, customer lists and software.

9. In September of 2010, after conducting an audit of the Center, ATI discovered widespread and continuing underreporting of sales at the Center. By underreporting sales, Defendant attempted to avoid the payment of franchise fees to ATI which were calculated as a percentage of sales.

10. Thereafter, on or about July 15, 2011, in consideration for ATI's agreement to release Defendant from the substantial debt he owed to ATI, Defendant sold the Center to ATI's affiliate company. On that same date – i.e., July 15, 2011 – Defendant's Franchise Agreement with ATI was terminated.

11. Section 19.2 of the Franchise Agreement, entitled "Covenant Not-to-Compete," provides in pertinent part that:

> For a period of two (2) years after the termination of this Agreement, Franchisee shall not directly or indirectly engage in the transmission repair business within a radius of ten (10) miles of the former center or any other AAMCO center. The two (2) year period shall not begin to run until Franchisee commences to comply with all obligations stated in this section 19.2(b).

*See* Ex. "A".

12. Under the Franchise Agreement, the earliest date on which Defendant's non-compete obligation could expire is July 15, 2013.

13. Defendant is nevertheless currently operating a transmission repair business at 18012 Bothell-Everett Hwy, Suite #4, Bothell, WA 98012, under the name "Mill Creek Transmissions and Auto Repair" (the "Competing Business"). A true and correct copy of Defendant's business card is attached hereto and made a part hereof at Exhibit "B".

14. In violation of his non-compete obligation owed to ATI under the Franchise Agreement, Defendant is currently operating his Competing Business within ten (10) miles of at least two AAMCO Transmission Centers. A map showing AAMCO locations within a ten (10) mile radius of Defendant's Competing Business is attached hereto and made a part hereof at Exhibit "C".

15. Notwithstanding ATI's demands that he comply with his non-compete obligation, Defendant continues to operate his Competing Business at its current location.

## COUNT I - BREACH OF FRANCHISE AGREEMENT - SPECIFIC PERFORMANCE

16. ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 15 above.

17. As a result of the termination of Defendant's franchise, ATI is entitled to specific performance of Section 19.2 which provides that, for a period of two years following termination,

Defendant will not, directly or indirectly, engage in the transmission repair business within a radius of ten (10) miles of any AAMCO center.

20. Defendant is currently operating his Competing Business within the ten (10) mile non-compete zone armed with ATI's confidential information and materials, trade secrets, and unique procedures and systems developed by ATI, which conduct is causing ATI irreparable harm.

19. Further, Defendant's refusal to honor the covenant not-to-compete as stated in the Franchise Agreement interferes with ATI's ability to develop the market, retain the goodwill and re-establish the presence of the AAMCO name in this market, and is causing ATI irreparable harm.

20. ATI has no adequate remedy at law for damages, and unless specific performance of the covenant not-to-compete, is ordered and injunctive relief granted, ATI will continue to suffer irreparable harm.

## COUNT II – COSTS AND ATTORNEYS' FEES

21. ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 20 above.

22. Pursuant to Section 21.5 of the Franchise Agreement, Defendant agreed to pay all costs incurred by Plaintiff in bringing this action, including attorneys' fees.

23. Upon the filing of this Complaint, Plaintiff ATI has incurred a filing fee of Three hundred fifty dollars ($350.00) in this matter.

24. Plaintiff ATI has incurred and continues to incur attorneys fees in the pursuit of this action.

## RELIEF SOUGHT

WHEREFORE, ATI requests the following relief:

A.  That Defendant, his agents, servants, employees and those persons in active concert or participation with him, be preliminarily and permanently enjoined and restrained from operating a transmission repair business for two years at or within ten (10) miles of the location of any AAMCO repair center;

B.  That Defendant be ordered to file with the Court and to serve on ATI within thirty (30) days after the issuance of any preliminary and/or permanent injunction herein, a report in writing, under oath, setting forth in detail the measures undertaken by Defendant to comply herewith;

C.  That a money judgment be entered in ATI's favor and against Defendant with respect to ATI's costs and attorney's fees as alleged in Count II above; and

D.  That ATI be awarded such other and further relief to which it may be entitled.

4/23/12

William B. Jameson
Attorney ID. # 58949
Attorney for Plaintiff
AAMCO Transmissions, Inc.
201 Gibraltar Road
Horsham, Pennsylvania 19044
(610) 668-2900

5