IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AAMCO TRANSMISSIONS, INC. | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| PARAMVIR SINGH a/k/a Perry Singh | : | NO. 12-2209 |
| | : | |

## MEMORANDUM

**ROBERT F. KELLY, SR. J.**                                                         NOVEMBER 16, 2012

Currently before this Court is Defendant, Paramvir Singh's ("Singh"), Motion for Reconsideration of this Court's October 1, 2012 Order granting Plaintiff, AAMCO Transmissions, Inc.'s (AAMCO), Motion for a Preliminary Injunction. For the reasons which follow, this Motion is denied.

## I. BACKGROUND

On April 25, 2012, AAMCO filed a Complaint against Singh alleging a breach of a franchise agreement. (Compl. ¶¶ 14-16.) AAMCO is a Pennsylvania corporation with its principal place of business in Horsham, Pennsylvania. (Id. ¶ 1.) Singh is a citizen of the State of Washington with a principal place of business at 18012 Bothell-Everett Highway, Suite #4, Bothell, WA.[1] (Id. ¶ 2.) On June 17, 1997, AAMCO and Singh entered into a franchise agreement ("Franchise Agreement") in which Singh was authorized to use and did use the name "AAMCO" in connection with the operation of an automotive center located at 13040 Bellevue-

---

[1] As will be discussed, infra, Singh now asserts that his address is located at Suite #6 at the Bothell-Everett Highway address.

Redmond, Road, Bellevue, Washington (the "Center").[2] (Pl.'s Ex. P-1, O'Donnell Affidavit at ¶ 3.) Section 19.2 of the Franchise Agreement, entitled "Covenant Not-to-Compete," states in relevant part:

> For a period of two (2) years after the termination of this Agreement, Franchisee shall not directly or indirectly engage in the transmission repair business within a radius of ten (10) miles of the former center or any other AAMCO Center. The two (2) year period shall not begin to run until Franchisee commences to comply with all obligations stated in this section 19.2(b).

(Pl.'s Mot. for Prelim. Inj., Ex. A.)

In September 2010, after conducting an audit of the Center, AAMCO discovered widespread and continuing under reporting of sales at the Center in an attempt by Singh to avoid payment of franchise fees which were calculated as a percentage of sales. (Pl.'s Ex. P-1, O'Donnell Aff. at ¶ 9.) Thereafter, on or about July 15, 2011, in consideration of AAMCO's agreement to release Singh from the substantial debt he owed to AAMCO, Singh sold the Center to AAMCO's affiliate company. On this same date, the Franchise Agreement was terminated. (Id. ¶ 10.)

AAMCO filed a Motion for Preliminary Injunction on April 30, 2012, seeking to enjoin Singh from operating a transmission business at the Bothell, Washington address. Singh filed a Response to the Motion on June 27, 2012. Thereafter on July 25, 2012, Singh's counsel filed a Motion to Withdraw and requested a stay for sixty days for Singh to retain new counsel. On August 7, 2012, we granted the Motion to Withdraw, but denied the stay and ordered Singh to "obtain new counsel forthwith." (Doc. No. 15.) AAMCO filed a Reply to Singh's Response on

---

[2]Plaintiff's exhibits were offered at the September 21, 2012 hearing and we cite to them accordingly.

August 14, 2012. On September 21, 2012, a hearing was held before this Court on AAMCO's Motion for Preliminary Injunction. AAMCO presented the testimony of Brian O'Donnell ("O'Donnell"), its Senior Vice President of Operations, in support of its Motion. Singh did not appear at the hearing, nor did he request a continuance or inform the Court that he would not be present at the hearing.

On October 1, 2012, we issued Findings of Fact and Conclusions of Law and granted AAMCO's Motion for Preliminary Injunction. See AAMCO Transmissions, Inc., v. Singh, No. 12-2209, 2012 WL 4510928, at *1 (E.D. Pa. Oct. 1, 2012). We ordered Singh enjoined from operating a transmission repair business at 18012 Bothell-Everett Hwy., Suite #4, Bothell, Washington 98012, or anywhere else within ten (10) miles of an AAMCO Repair Center."[3] Id.

We determined that AAMCO met the four factors enumerated in Pappan Enters., Inc. v. Hardee's Food Sys., Inc.: (1) plaintiff's likelihood of success on the merits; (2) irreparable harm; (3) the extent to which the defendant will be irreparably harmed if the injunction issues; and (4) the public interest. Pappan Enters., Inc. v. Hardee's Food Sys., Inc., 143 F.3d 800, 803 (3d Cir. 1998). We further found that under Pennsylvania law, the Covenant Not-to-Compete is enforceable because: (1) the covenant relates to either a contract for the sale of goodwill or other subject property; (2) the covenant is supported by adequate consideration; and (3) the application of the covenant is reasonably limited in both time and territory. See Piercing Pagoda, Inc. v. Hoffner, 351 A.2d 207, 210 (Pa. 1976).

Singh filed the instant Motion for Reconsideration on October 15, 2012. AAMCO filed a

---

[3]A map of the ten mile radius surrounding Mill Creek Transmissions indicates that it is located within ten miles of three AAMCO centers in Lynnwood, Shoreline, and Kirkland, Washington. (Pl.'s Ex. P-3.)

Response to the Motion on October 25, 2012. Singh filed a Motion for a Stay of our October 1, 2012 Order on October 26, 2012, which we denied on November 1, 2012. Singh filed a Reply on November 2, 2012.

## II.     STANDARD OF REVIEW

Plaintiff has filed a Motion for Reconsideration as provided for in Local Civil Rule 7.1(g). The purpose of a Motion for Reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). This Circuit has held that the party seeking reconsideration must demonstrate at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); see also Jackson v. Rohm & Haas Co., No. 06-1540, 2007 WL 579662, at *2 (3d Cir. Feb. 26, 2007).

This standard does not allow a party a "second bite at the apple." See Bhaunagar v. Surrendra Overseas Ltd., 52 F.3d 120, 1231 (3d Cir. 1995). "A litigant that fails in its first attempt to persuade a court to adopt its position may not use a motion for reconsideration either to attempt a new approach or correct mistakes it made in its previous one. A motion for reconsideration should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Kennedy Industries, Inc. v. Aparo, No. 04-5967, 2006 WL 1892685, at *1 (E.D. Pa. July 6, 2006).

Moreover, in light of the court's interest in the finality of its judgments, such motions "should be granted sparingly and may not be used to rehash arguments which have already been

4

briefed by the parties and considered and decided by the Court." Calhoun v. Mann, No. 08-458, 2009 WL 1321500, at *1 (E.D. Pa. May 12, 2009) (citing Ciena Corp. v. Corvis Corp., 352 F. Supp. 2d 526, 527 (D. Del. 2005)).

## III. DISCUSSION

Singh initially claimed in his Motion for Reconsideration that he never received notice that oral argument was scheduled before this Court on the Motion for Preliminary Injunction on September 21, 2012, because notice was sent to the wrong address. Singh asserts that his actual address is located at Suite 6 rather than Suite 4 at 18012 Bothell-Everett Highway, Bothell, Washington. Singh adds that this error is reflected on the Court docket which indicates that on September 14, 2012, a copy of the Order dated September 5, 2012, which set forth the date of the hearing was returned from the Postal Service as being unable to forward. Because of this, Singh argued that he had no knowledge of the hearing and, thus, has been denied his constitutional due process rights.

In its Response, AAMCO states that Singh's address is listed as Suite 4 in the Complaint, and that Singh admitted that this was his address in his Answer to the Complaint. (See Answer ¶ 2.) Moreover, AAMCO points out that Singh specifically represents in his website, www.millcreektransmissions.com, that his business address is 18012 Bothell- Everett Highway #4, Bothell, WA 98012. (Pl.'s Ex. P-5.) However, in his Reply to AAMCO's Response to his Motion for Reconsideration, Singh specifically states that he has withdrawn "lack of notice" as a ground for reconsideration. Accordingly, we will not address this issue.

Singh argues that in our decision we "totally ignored the overbreadth analysis presented by this very same Court in the recent case" of AAMCO Transmission, Inc. v. Dunlap, No. 11-

4009, 2011 WL 3586225, at *1 (E.D. Pa. Aug. 16, 2011). In Dunlap, the court found that a non-compete clause, identical to the one at issue here, which prohibited the defendant from operating a transmission repair business within a radius of ten miles of any AAMCO center was not reasonable. 2011 WL 3586225, at *8. The court determined that a ten-mile geographic prohibition from the site of the center at issue was reasonable, "as opposed to ten-miles from any AAMCO center." Id.

AAMCO argues that Dunlap is not controlling on this Court. It also asserts that a "more recent case, also decided in this district, is directly contrary - finding the geographical scope of an identical non-compete clause to be reasonable and enforceable." See Otiogiakhi v. AAMCO Transmissions, Inc., No. 11-4620, 2011 WL 5825953, at *5-6 (D.N.J. Nov. 17, 2011). Citing a number of Pennsylvania cases, the court in Otiogiakhi held that "[g]iven Pennsylvania precedent, this two year and ten mile limitation is clearly reasonable." 2011 WL 5825953, at *5-6. Singh states in his Reply to AAMCO's Response that AAMCO has misrepresented to this Court that the Otiogiakhi case was decided in the Eastern District of Pennsylvania when it is a District of New Jersey case. Singh also asserts that it has no precedential value. (Reply at 2-3.) Singh adds that because Otiogiakhi is of no precedential value, "Dunlap should be considered the most recent pronouncement by this Court regarding how to deal with the over broad nation-wide geographic blanket restriction of the present non-compete covenant." (Id. at 3.)

We first note that AAMCO does mistakenly assert that Otiogiakhi is an Eastern District of Pennsylvania decision. It is clear that it was decided in the District of New Jersey. While Otiogiakhi certainly has no precedential value before this Court, Dunlap is also not controlling. It is well-settled that a district court opinion, even when published, has no precedential value

6

when it is affirmed without a published opinion by the Court of Appeals. See, e.g., Long v. Sears Roebuck & Co., 105 F.3d 1529, 1534 n.7 (3d Cir. 1997) (citing Ransom v. Marrazzo, 848 F.2d 398, 411 (3d Cir. 1988)); Kaplan v. First Options of Chicago, Inc., 19 F.3d 1503, 1511 n.12 (3d Cir. 1994) (citing Galgay v. Gil–Pre Corp., 864 F.2d 1018, 1021 n.5 (3d Cir. 1988)).

It is also notable that the Dunlap court cited AAMCO v. Transmissions, Inc. v. Graham, Nos. 89-4976 & 89-6379, 1990 WL 118050, at *8 (E.D.Pa. Aug. 9, 1990) in support of its decision. In Graham, defendants owned two AAMCO dealerships in Denver and Aurora, Colorado. The court determined that the restrictive covenant, identical to the one before us, was "unduly burdensome" in that it restricted defendants from operating a center anywhere that AAMCO had an existing center. 1990 WL 118050, at *8. However, instead of limiting the covenant to ten miles only from the two shops at issue, the court limited "its application to the Denver and Aurora metropolitan areas." Id. It can certainly be argued here that Graham only actually supports a decision limiting the non-compete clause before us to the Puget Sound metropolitan area which would still result in Singh being enjoined from operating a transmission business in Bothell, Washington, which is in the same metropolitan area as his prior AAMCO franchise in Bellevue, Washington.

In addition, Dunlap cites Maaco Franchising, Inc. v. Augustin, No. 09-4548, 2010 WL 1644278, at *3 (E.D.Pa. Apr. 20, 2010). Dunlap, however, did recognize that Augustin only determined that a ten-mile radius from the location of the franchisee's location was reasonable, but declined to decide if a ten-mile radius from all Maaco franchises was reasonable. 1990 WL 118050, at *8. Thus, it is apparent that it is certainly not established law in this circuit, and even in this district, that a non-compete covenant which prohibits a former franchisee from operating a

7

like business within a radius of ten miles of any other franchise is unreasonable and not enforceable.

As we stated in our Findings of Fact and Conclusions of Law, the Franchise Agreement's choice of law provision requires the application of Pennsylvania law. We noted that under Pennsylvania law, covenants not to compete are to be strictly construed. See Hayes v. Altman, 266 A.2d 269, 271 (Pa. 1970). In addition, we cited several Pennsylvania cases for support that the ten-mile geographic scope of the Covenant Not-to-Compete is reasonable. See Sidco Paper Co. v. Aaron, 351 A.2d 250, 256-57 (Pa. 1976) (affirming injunctive relief to enforce non-compete covenants with portions of three states and all of the District of Columbia); Piercing Pagoda, 351 A.2d at 212 (thirty-mile radius deemed reasonable); Wainwright's Travel Service, Inc. v. Schmolk, 500 A.2d 476 (Pa. Super. 1985) (affirming injunctive relief to enforce non-compete covenants within employee's primary business area of five states).

As stated earlier, the party seeking reconsideration must demonstrate at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café by Lou-Ann, Inc., 176 F.3d at 677. Here, Singh has failed to establish any one of these three conditions. Accordingly, the Motion for Reconsideration is denied.

An appropriate Order follows.