IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AAMCO TRANSMISSIONS, INC., | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| PARAMVIR SINGH a/k/a Perry Singh. | : | NO. 12-2209 |
| | : | |

## MEMORANDUM

**ROBERT F. KELLY, SR. J.**                  **JUNE 12, 2013**

Currently before this Court is Plaintiff, AAMCO Transmissions, Inc.'s (AAMCO), request for attorneys' fees incurred in its litigating a Motion for a Permanent Injunction against Defendant, Paramvir Singh ("Singh"). Singh failed to file a response to this request. For the reasons stated below, we grant AAMCO attorneys' fees in the amount of $7,500.00.

## I. BACKGROUND

On April 25, 2012, AAMCO filed a Complaint against Singh alleging the breach of a franchise agreement.[1] (Compl. ¶¶ 14-16.) AAMCO is a Pennsylvania corporation which engages in the business of franchising or licensing others to use the mark and name "AAMCO" in the operation of transmission and general automotive repair centers throughout the United States and Canada. (Id. ¶¶ 2-3.) On June 17, 1997, AAMCO and Singh entered into a franchise agreement ("Franchise Agreement") in which Singh was authorized to use, and did use, the name AAMCO in connection with the operation of an automotive center located at 13040 Bellevue-Redmond Road, Bellevue, Washington. (Id. ¶ 5.)

On April, 30, 2012, AAMCO filed a Motion for Preliminary Injunction seeking to enjoin

---

[1]A more complete procedural history of this matter is set forth in this Court's previous Findings of Fact and Conclusions of Law. (Doc. No. 32.)

Singh from operating a transmission business at the above address. (Doc. No. 3.) On September 21, 2012, a hearing was held before this Court on AAMCO's Motion. Singh did not appear at the hearing, and neither requested a continuance nor informed the Court that he would not be present. On October 1, 2012, we issued Findings of Fact and Conclusions of Law and granted AAMCO's Motion for Preliminary Injunction. See AAMCO Transmissions, Inc., v. Singh, No. 12-2209, 2012 WL 4510928, at *1 (E.D. Pa. Oct. 1, 2012). We ordered Singh enjoined from operating a transmission repair business at 18012 Bothell-Everett Hwy., Suite #4, Bothell, Washington 98012, or anywhere else within ten (10) miles of an AAMCO Repair Center. Id. Singh filed a Motion for Reconsideration on October 15, 2012 which we denied on November 16, 2012. (Doc. Nos. 27-28.)

A hearing on the Motion for a Permanent Injunction was held on February 15, 2013. This Motion also included AAMCO's request for an award of attorneys' fees.[2] Singh again failed to appear. On February 26, 2013, we issued Findings of Fact and Conclusions of Law and granted AAMCO's Motion for Permanent Injunction. (See Doc. No. 32.) We also found that AAMCO was entitled to reasonable attorneys' fees even though AAMCO was represented by in-house counsel. See Delaware Valley Citizens' Council for Clean Air v. Commonwealth of Pennsylvania, 762 F.2d 272, 278 (3d Cir. 1985); see also Cottman Transmission Sys. v. Metro

---

[2]Section 21.5 of the Franchise Agreement between the parties provides that:

> **Recovery of Costs and Attorneys' Fees.** In any court or arbitration proceeding brought by either party hereto arising out of or based upon this Agreement or its performance, the prevailing party shall recover all court costs, attorneys' fees and other expenses relating to such proceeding from the non-prevailing party.

(Pl.'s Mot. for Prelim. Inj., Ex. P-2.)

Distributing, Inc., Nos. 92-2131, 92-2253, 1996 WL 41608, at *6 (E.D. Pa. Feb. 2, 1996). AAMCO was ordered to submit a sworn statement of counsel fees expended in the litigation of this matter. (Doc. No. 33.) Subsequently, AAMCO's counsel, William Jameson, Esq. ("Attorney Jameson"), submitted an affidavit and schedule of his hourly fee and his hours expended. To date, Singh has not contested the Motion, nor the award of attorneys' fees.

## II. DISCUSSION

Having determined that AAMCO is entitled to a fee award, we address the proper amount of attorneys' fees to award. In the Third Circuit, courts calculate attorneys' fees pursuant to the lodestar approach. See Interfaith Comm. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 703 n.5 (3d Cir. 2005). The lodestar is calculated by multiplying the amount of time reasonably expended by reasonable hourly rates. See Brytus v. Spang & Co., 203 F.3d 238, 242 (3d Cir. 2000). Next, the Court may adjust the lodestar based on various factors.[3] The prevailing party bears the burden of establishing the reasonableness of both the time expended and the hourly rates. See Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984); Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

We first address the hourly fee. AAMCO seeks fees of $300.00 per hour for Attorney Jameson's services. A reasonable hourly rate is determined by prevailing market rates in the

---

[3]These factors are:

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

City of Riverside v. Rivera, 477 U.S. 561, 568 n.3 (1986).

community.  See Blum, 465 U.S. at 895.  A prevailing market rate is the rate "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Missouri v. Jenkins, 491 U.S. 274, 286 (1989).  Here, Attorney Jameson states in his Affidavit that he is Associate General Counsel for AAMCO and has been practicing law for more than twenty-two (22) years.  (Jameson Aff. ¶¶ 1-2.)  Based on his years of experience, we find this hourly rate to be reasonable.

Next, we consider the reasonableness of the time Attorney Jameson expended on the litigating of this matter.  "[C]ourts are to exclude from the determination of the lodestar any hours not reasonably expended.  Hours subject to exclusion under Hensley include those deemed 'excessive, redundant, or otherwise unnecessary.'"  McKenna v. City of Phila., 582 F.3d 447, 455 (3d Cir. 2009) (quoting Hensley, 461 U.S. at 434).  Attorney Jameson's schedule of reasonable attorneys' fees incurred in this matter indicates total time expended to be seventy (70) hours which include: (1)  preparation of complaint- 5.2 hours; (2)  preparation of Motion for Preliminary Injunction- 8.3 hours; (3)  preparation of Motion to Expedite Discovery and reply brief- 4.6 hours; (4)  preparation of response to counsel's Motion to Withdraw- 4.2 hours; (5)  reply to Defendant's Response to Motion for Preliminary Injunction- 4.5 hours; (6)  preparation for and attendance at hearing for Motion for Preliminary Injunction- 16.3 hours; (7)  preparation of proposed Finding of Facts and Conclusions of Law- 9.8 hours; and (8) preparation for and attendance at Bench Trial- 17.1 hours.  (Jameson Aff. ¶ 3.)

As noted, Singh has not challenged the reasonableness of Attorney Jameson's fee schedule.  Nonetheless, we will reduce the fee request from seventy (70) hours to a more reasonable twenty-five (25) hours.  While Attorney Jameson's motions and briefs were certainly

4

well-written and comprehensive, and his representation at the hearings was more than competent, we are of the opinion that seventy (70) hours spent on such was excessive.  We also reduce the fee request in light of the fact that Attorney Jameson was in-house counsel for AAMCO rather than private counsel.  Accordingly, we award AAMCO attorneys' fees in the amount of $7,500 (25 hrs. x $300 per hour = $7,500).

       An appropriate Order follows.